# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD KEITH TURLEY, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75192

FILED

APR 3 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery with a deadly weapon. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

At a continued January 24, 2018, sentencing hearing, appellant orally moved to (1) continue the sentencing hearing, (2) withdraw his guilty plea, and (3) have substitute counsel appointed. The district court denied the oral motions and adjudicated appellant as a habitual criminal, sentencing him to 8 to 20 years imprisonment under NRS 207.010(1)(a). On appeal, appellant contends that the district court abused its discretion in denying his three motions. *Cf. Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010) (reviewing a denial of a motion to continue for an abuse of discretion); *Young v. State*, 120 Nev. 963, 968, 102 P.3d 572, 576 (2004) (reviewing a denial of a motion to substitute counsel for an abuse of discretion); *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (reviewing a denial of a motion to withdraw a guilty plea for an abuse of discretion).

We are not persuaded that the district court abused its discretion in denying any of appellant's three motions. All three motions were premised on appellant's position that he did not receive the State's filed notice of its intent to seek a habitual criminal adjudication. However, the record undisputedly demonstrates that appellant read and signed the

*19-18821*

November 15, 2017, guilty plea memorandum discussing the State's intent to seek habitual criminal classification and the potential sentencing ramifications of such a classification. The record further undisputedly demonstrates that appellant acknowledged at the original January 17, 2018, sentencing hearing that he understood the State's intent in that respect and that appellant asked the district court (without any objection to a lack of notice) not to adjudicate him as a habitual criminal, such that even if appellant had not received the State's filed notice, he was well aware of the State's intent.

In light of these undisputed facts, we conclude that the district court was within its discretion in denying appellant's request for a continuance, as appellant has not meaningfully explained how he was prejudiced by the denial. *Higgs*, 126 Nev. at 9, 222 P.3d at 653 ("[I]f a defendant fails to demonstrate that he was prejudiced by the denial of the continuance, then the district court's decision to deny the continuance is not an abuse of discretion."). Similarly, the district court was within its discretion in determining that, under the totality of the circumstances, there was no fair and just reason to permit appellant to withdraw his guilty plea. *Stevenson v. State*, 131 Nev. 598, 603, 354 P.3d 1277, 1281 (2015) ("[T]he district court must consider the totality of the circumstances to determine whether permitting withdrawal of a guilty plea before sentencing would be fair and just."); *Riker*, 111 Nev. at 1322, 905 P.2d at 710.

Likewise, the district court was within its discretion in denying appellant's motion to substitute counsel. *Young*, 120 Nev. at 968, 102 P.3d at 576. Although appellant faults the district court for its allegedly inadequate inquiry into the extent of his conflict with counsel, we are not persuaded that the district court's inquiry was inadequate in light of the untimeliness of appellant's oral motion and the implausible basis for

seeking substitution of counsel. *Id.* (listing the timeliness of the motion and adequacy of the district court's inquiry as relevant factors to consider in determining whether the district court abused its discretion). Additionally, the conflict between appellant and his counsel was based on appellant's subjective belief that counsel had not made him aware of the State's intent to seek habitual criminal adjudication, which is belied by the guilty plea memorandum and appellant's statements at the original sentencing hearing. *Cf. Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 237 (2001) ("An indigent defendant has a right to substitution only upon establishing good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead . . . to an apparently unjust verdict. . . . Good cause is not determined solely according to the subjective standard of what the defendant perceives. While loss of trust is certainly a factor in assessing good cause, a defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence." (alteration in original) (internal quotation marks omitted)), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). Nor did appellant allege that counsel failed to adequately represent his interests up to the point of his motion to substitute. *Cf. id.* In light of the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.          _____, J.
Parraguirre                                        Cadish

cc: Hon. Egan K. Walker, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A